IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH S. THOMAS,

    Petitioner,                    No. 2:09-cv-1702 LKK KJN P

    vs.

DOMINGO URIBE, JR., Warden,[1]    ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 2010, respondent filed a motion to dismiss this action as barred by the statute of limitations. On August 27, 2010, petitioner filed an opposition. For the reasons set forth below, the court recommends respondent's motion be granted.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

        A 1-year period of limitation shall apply to an application for a writ

---

[1] Pursuant to respondent's request, the court substitutes Domingo Uribe, Jr., Warden, as respondent in place of Governor Arnold Schwarzenegger. Rule 2(b), Rules Gov. Section 2254 Cases; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). The Clerk of Court will be directed to change the docket accordingly.

1

1  of habeas corpus by a person in custody pursuant to the judgment
   of a State court. The limitation period shall run from the latest of –
2
   (A) the date on which the judgment became final by the conclusion
3      of direct review or the expiration of the time for seeking such
       review;
4
   (B) the date on which the impediment to filing an application
5      created by State action in violation of the Constitution or laws of
       the United States is removed, if the applicant was prevented from
6      filing by such State action;

7  (C) the date on which the constitutional right asserted was initially
       recognized by the Supreme Court, if the right has been newly
8      recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or
9
   (D) the date on which the factual predicate of the claim or claims
10     presented could have been discovered through the exercise of due
       diligence.
11

12 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed

13 application for State post-conviction or other collateral review with respect to the pertinent

14 judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C.

15 § 2244(d)(2).

16         For purposes of the statute of limitations analysis, the relevant chronology of this

17 case is as follows:

18         1. Petitioner pled no contest to transporting and selling methamphetamine.

19 Petitioner was sentenced on April 27, 2000, to an indeterminate term of twenty-five years to life

20 in state prison. (Respondent's Lodged Document ("LD") 1.)

21         2. Petitioner appealed his sentence. On March 7, 2002, the California Court of

22 Appeal, Third Appellate District, affirmed the judgment. (LD 2.)

23         3. On April 29, 2002, petitioner filed a petition for review in the California

24 Supreme Court. (LD 3.) The California Supreme Court denied the petition on May 22, 2002.

25 (LD 4.)

26 ////

4. On December 1, 2002,[2] petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court. (LD 5.) The petition was denied on January 29, 2003. (LD 6.)

5. On June 10, 2008, petitioner filed a second petition for writ of habeas corpus in the Placer County Superior Court. (LD 7.) The petition was denied on August 22, 2008. (LD 8.)

6. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on October 28, 2008. (LD 9.) The California Supreme Court denied the petition on May 13, 2009. (LD 10.)

7. The instant action was filed on May 19, 2009. (Dkt. No. 1.)

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the statute of limitations began to run on August 21, 2002, and expired on August 20, 2003. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6 to calculation of time periods). Therefore, absent tolling, petitioner's federal petition was due on August 20, 2003.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). A state court application for post-conviction relief is "pending" during the entire time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A petition is not "pending" during an unreasonable delay between state court applications. Carey v. Saffold, 536 U.S. 214, 225 (2002).

In California, a prisoner seeking collateral review must file a habeas petition within a reasonable time. Carey v. Saffold, 536 U.S. at 222-23. However, the California Supreme Court has not explained the meaning of "reasonable time" in this context. See Chaffer

---

[2] The court has applied the mailbox rule for the filing dates of the petitions for writ of habeas corpus. (LD 5, 7, 9; Dkt. No. 1.) Houston v. Lack, 487 U.S. 266 (1988).

v. Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010).  The United States Supreme Court has now held that federal courts must "examine the delay in each case and determine what the state courts would have held in respect to timeliness."  Evans v. Chavis, 546 U.S. 189, 198 (2006).  Thus, if the state court does not explicitly deny a post-conviction application as untimely[3], the federal court must independently determine whether there was unreasonable delay between state court applications that would render the federal application for habeas relief untimely.  Carey v. Saffold, 536 U.S. at 226-27.

        In this case petitioner filed his petition in the Placer County Superior Court on December 18, 2002.  Accordingly, the statute of limitations period ran from August 21, 2002, until December 17, 2002.  See Carey v. Saffold, 536 U.S. at 222-23 (between finality of direct review and filing of state collateral review petition, no tolling of limitations period).  By December 18, 2002, 119 days of the limitations period had expired.  The time was tolled through January 9, 2003, the date the habeas petition was denied, and would begin to run again unless the next filing by petitioner was in a higher state court, and was timely made.

        It was not.  Rather than filing in the California Court of Appeal, the next higher court, petitioner chose to wait over five years and then file a second petition in the Placer County Superior Court.  Petitioner is not entitled to statutory tolling for the interval between the denial of his first state habeas petition in the Placer County Superior Court and the filing of his second state habeas petition in the Placer County Superior Court because petitioner did not go from a lower state court to a higher state court.  See Banjo v. Ayers, 2010 WL 2403751, at *3 (9th Cir. 2010) ("Only the time period during which a round of habeas review is pending tolls the statute of limitations; periods between different rounds of collateral attack are not tolled."); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of

---

[3] When a state habeas petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)); see also Carey v. Saffold, 536 U.S. at 226.

4

collateral review" when he filed a non-ascending petition in the Superior Court and was "no longer pursuing his application for habeas relief up the ladder of the state court system").

Therefore, the limitations period began running again on January 10, 2003, and expired 246 days later, on September 13, 2003. Because September 13, 2003 was a Saturday, petitioner's federal petition was due on the following Monday, September 15, 2003. Fed. R. Civ. P. 6(2)(C).

Petitioner's October 28, 2008 petition for review in the California Supreme Court does not toll the statute of limitations period for three reasons. First, the delay of over five years and nine months from the January 9, 2003 denial of the first habeas petition by the Placer County Superior Court until petitioner filed his second habeas petition was unreasonable under Evans, 546 U.S. at 198. Second, the filing of that second petition cannot revive the statute of limitations and has no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief petition after AEDPA statute of limitations period expired, delay results in absolute time bar.) Third, because the second and third state petitions were found untimely filed by the state court,[4] they were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) review. (See n.3, supra.)

Petitioner's federal petition was due on September 15, 2003, but was not filed until May 19, 2009, over five years and eight months later. Therefore, the instant petition is untimely.

Petitioner appears to argue that the triggering date for the limitations period is the Supreme Court's decision in Cunningham v. California, 549 U.S. 270 (2007), and argues that he

---

[4] The Placer County Superior Court expressly found the second state petition was untimely filed, citing In re Robbins, 18 Cal.4th 770 (1998), and In re Clark, 5 Cal.4th 750 (1993). (LD 8.) Because the California Supreme Court denied the petition without comment, it is presumed the denial was based on the procedural default expressed by the lower state court's reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (federal court will "look through" an unexplained state court decision to the last reasoned decision as the basis for the state court's judgment).

1 could not have filed this petition previously because "the facts that gave [him] reason to conduct research into the issues at bar were not available to [him] at the time [his] first appeal was ruled on in 2003." (Opp'n at 3.)

### A. No Later Triggering Date--New Constitutional Right

On January 22, 2007, the Supreme Court held that California's Determinate Sentence Law, which permitted the judge rather than the jury to make findings to support the imposition of the upper term, violates a defendant's Sixth Amendment right to trial by jury. Cunningham, 549 U.S. at 293. The Cunningham case cannot provide a new triggering date, however, because the Supreme Court has not found its holding to be retroactive, which is a necessary predicate to the application of 28 U.S.C. § 2244(d)(1)(c). See Dodd v. United States, 545 U.S. 353, 358 (2005) (construing identical language in section 2255 as expressing clear congressional intent that delayed accrual is inapplicable unless the Supreme Court itself has made the new rule retroactive); see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir.), cert. denied, 129 S.Ct. 767 (2008) (Cunningham did not create a new rule of law). The court in Butler reiterated the rule announced in Blakely v. Washington, 542 U.S. 296 (2004), that a defendant's Sixth Amendment right to trial by jury is violated by a trial court's failure to submit to a jury and prove beyond a reasonable doubt any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum. Butler, 528 F.3d at 636. However, Blakely may not be applied retroactively to decisions that were final before Blakely was decided. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); see also LD 4. Therefore, Blakely, decided in 2004, may not be applied retroactively to petitioner's 2000 conviction.[5]

////

---

[5] Moreover, although not relevant to the statute of limitations analysis, substantive reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000), within the Cunningham line of cases, is also unavailing, as it does not apply to negotiated pleas. See Blakely, 542 U.S. at 310.

1                      B.  No Later Triggering Date--Factual Predicate

2              Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or
3 through diligence could discover) the important facts, not when the prisoner recognizes their
4 legal significance."  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  However, it is
5 not necessary for a petitioner to understand the legal significance of the facts; rather, the clock
6 starts when a petitioner understands the facts themselves.  Id. at 1154 n.3.

7              Petitioner claims that once he became aware of the potential issues in
8 Cunningham in 2007, he began to research and prepare his state habeas petition.  (Opp'n at 2.)
9 However, in the instant petition, petitioner challenges the application of the three strikes law,
10 arguing that the sentence imposed is excessive, violates the Ex Post Facto Clause, violates his
11 plea agreement, and violates the Eighth Amendment because it is cruel and unusual punishment.
12 (Pet., passim.)  Petitioner was aware of the application of three strikes to his sentence and his
13 plea bargain at the time of his conviction.  Indeed, in his direct appeal he challenged the trial
14 court's refusal to dismiss two of his three prior serious felony convictions used as strikes.  (LD 2
15 at 2.)  Moreover, petitioner was aware that the trial court refused to strike petitioner's prior
16 convictions and made the findings justifying the upper term when he appeared for sentencing in
17 2000.  Petitioner was aware of the factual predicate of all these claims at the latest in 2000.
18 Because petitioner was aware of the pertinent facts at the time his conviction became final,
19 application of section 2244(d)(1)(D) does not provide a later triggering date for the statute of
20 limitations.

21              Petitioner fares no better if he relies on Cunningham as a "factual predicate" for
22 his claim, for a favorable legal decision cannot be a factual predicate within the meaning of
23 § 2244(d)(1)(D).  See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("state court
24 decision establishing an abstract proposition of law arguably helpful to the petitioner's claim
25 does not constitute the 'factual predicate' for that claim."); see also Singer v. Department of
26 Corrections, 2010 WL 1444479 at 3 (C.D. Cal. 2010) (Cunningham is not a factual predicate).

1     The court turns now to the doctrine of equitable tolling.  To be entitled to
2  equitable tolling, petitioner bears the burden of establishing "(1) that he has been pursuing his
3  rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S.
4  at 418.
5     Here, petitioner has not demonstrated that he has pursued his claims diligently.
6  Petitioner waited over five years between the denial of his first state court petition and the date he
7  filed the instant petition.  Petitioner has not satisfied his burden of establishing that he acted
8  diligently in filing his federal petition.  Petitioner has also failed to demonstrate that he
9  encountered extraordinary circumstances that prevented him from filing his federal petition in a
10 timely fashion.  Petitioner is therefore not entitled to equitable tolling, and respondent's motion
11 to dismiss should be granted as this action is time-barred.
12    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
13 change the docket to reflect Domingo Uribe, Jr., Warden, as respondent herein; and
14    IT IS RECOMMENDED that respondent's July 13, 2010 motion to dismiss (dkt.
15 no. 18) be granted.
16    These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
18 one days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files
21 objections, he shall also address whether a certificate of appealability should issue and, if so, why
22 and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
23 the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
24 § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after
25 service of the objections.  The parties are advised that failure to file objections within the
26 ////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom1702.mtd